**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JIMMY DODSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1272-HE |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Jimmy Dodson, Jr., seeks judicial review of the Social Security Administration's denial of disability insurance benefits (DIB). This matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations. *See* 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3). For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

## I. Procedural Background

On April 13, 2015, Plaintiff protectively filed an application for DIB. *See* Administrative Record (AR) [Doc. No. 10], 20. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 85, 102. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated May 18, 2016. AR 17-37. The Appeals Council denied Plaintiff's request for review. AR 1-6. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential

evaluation process); *see also* 20 C.F.R. § 416.920.  The ALJ first determined Plaintiff had not engaged in substantial gainful activity since July 9, 2014.  AR 22.

At step two, the ALJ determined Plaintiff suffers from the severe impairments of dysfunction—major joints, obesity, post-traumatic stress disorder (PTSD), major depressive disorder, degenerative joint disease, bilateral plantar faciitis with bone spurs, prediabetic, hyperlipidemia, and sleep apnea.  AR 22-25.[1]  At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 25-28.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform medium exertion work as defined in 20 CFR 404.1567(c) and [Plaintiff] has the mental ability to perform simple tasks, such as unskilled entry level jobs that require only a simple demonstration, i.e., SVP 1 jobs, and unskilled entry level jobs . . . that can be learned in 30 days or less, i.e., SVP 2 jobs with routine supervision; [Plaintiff] can relate to supervisors and peers on a superficial work basis, i.e. brief, succinct, cursory, concise communication relevant to the task being performed; [Plaintiff] can adapt to a work situation; but [Plaintiff] cannot relate to the general public.

AR 28-31.  The ALJ made no finding as to whether Plaintiff could perform past relevant work. AR 31.  Relying on the testimony of a vocational expert (VE), the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform—hospital housekeeper, kitchen helper/dishwasher, dining room attendant, office helper, silver wrapper, laundry worker, table worker, printed circuit board assembly, and escort vehicle driver.  AR 31-33.  The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act.  AR 33.

---

[1] The ALJ also found Plaintiff had non-severe impairment of inflammatory bowel disease.  AR 23.

### III. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

### IV. <u>Claims Presented for Judicial Review</u>

Plaintiff asserts that the ALJ should have reopened a prior claim for DIB made by Plaintiff. Further, he argues that the ALJ improperly considered the disability determination from the Department of Veterans Affairs (VA) and also failed to consider his irritable bowel syndrome (IBS) as a severe impairment at Step Two of the analysis.[2] The Court is without jurisdiction to

---

[2] Plaintiff's brief also contains a section entitled "Error 3. Substantial Evidence and Proper Legal Standards." Pl.'s Br. 12. The body of this section simply contains standards by which courts should review final decisions of the Commissioner and contains no points of error specific to Plaintiff's claim. "We will consider and discuss only those . . . contentions that have been adequately briefed for review." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012)).

reopen the prior claim and the ALJ did not err with regard to his consideration of the VA disability determination. Thus, the Commissioner's decision should be affirmed.

## V. __Analysis__

### A. Re-Opening Prior Claim

On May 10, 2014, prior to filing the claim at issue, Plaintiff filed an application for DIB claiming he became disabled on January 3, 2014 (the "Prior Claim"). AR 20. The SSA initially denied the Prior Claim on July 2, 2014 or July 8, 2014,[3] and Plaintiff did not appeal. AR 20. Thus, the Prior Claim became final on that date. *See* 20 C.F.R. § 404.905 ("An initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination."). With regard to re-opening the Prior Claim, the ALJ stated:

> The undersigned finds no reason to re-open the prior determination on the prior application. *Res judicata* and *administrative finality* apply and prevent re-litigation through July 8, 2014. The relevant period remaining for adjudication is from July 9, 2014 through the present.

AR 20 (emphasis in original).

Plaintiff contends the ALJ erred by not reopening the Prior Claim, Pl.'s Br. 3-5, and that he "does not understand" res judicata and administrative finality. Pl.'s Br. 3.[4]

---

[3] The ALJ asserted the SSA's denial of the prior claim was July 8, 2014. AR 20. As the Commissioner points out, however, the record indicates that the denial occurred on July 2, 2014. AR 200. To the extent the denial of the Prior Claim actually occurred on July 2, 2014, the ALJ's assertion to the contrary amounts to a scrivener's error which did not affect the ALJ's decision. *Poppa v. Astrue*, 569 F.3d 1167, 1172 (10th Cir. 2009) ("[W]e agree with the Commissioner that this was a mere scrivener's error and did not affect the outcome of the case.").

[4] Plaintiff's also argues that he is entitled to an "automatic" reopening of the first claim. Pl.'s Br. 4-5. However, a decision to reopen a determination is discretionary. *See Brown*, 912 F.2d at 1196 ("The Secretary's decision not to reopen a previously adjudicated claim for benefits is discretionary . . . ."); *see also* 20 C.F.R. § 404.988 ("A determination, revised determination, decision, or revised decision *may be reopened* . . . ." (emphasis added)).

The Court, however, is without jurisdiction to disturb the ALJ's determination that the Prior Claim should not be reopened. "Absent a colorable constitutional claim," this Court "does not have jurisdiction to review the [ALJ's] decision not to reopen an earlier adjudication." *Blair v. Apfel*, 229 F.3d 1294, 1295 (10th Cir. 2000); *see also Campos v. Astrue*, 373 F. App'x 880, 882 (10th Cir. 2010) (unpublished) (no jurisdiction to review ALJ's refusal to reopen claim or the determination that the claim is res judicata); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) ("Neither the district court nor this court has jurisdiction to review the Secretary's refusal to reopen a claim for disability benefits or determination such claim is res judicata."). Because Plaintiff has not made a constitutional claim, the Court is without jurisdiction to overturn the ALJ's decision. Thus, with regard to the claim at issue, the ALJ properly considered only whether Plaintiff was disabled at a point in time after the denial of the Prior Claim. *See Weber v. Astrue*, No. CA 2:09-CV-00712-BSJ, 2010 WL 1727380, at *1 (D. Utah Apr. 28, 2010) ("Plaintiff originally alleged an onset date of October 17, 2000, but could not be found disabled prior to an Administrative Law Judge (ALJ) decision finding him not disabled on a prior application on November 4, 2004."); *see also Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (res judicata precludes claimant from claiming disability for the period before the date a prior claim becomes final).[5]

### B.  Review of the VA Rating

The VA determined Plaintiff has an 80% disabled rating due to IBS and PTSD. AR 30, 63-65, 265-269. It is well-established that a disability rating by another agency, while not binding

---

[5] To the extent Plaintiff argues that the ALJ improperly applied res judicata to determine Plaintiff was not disabled after July 8, 2017, such argument is without merit. Nothing in the ALJ's decision suggests he relied on the adverse determination in the Prior Claim to make a finding that Plaintiff was not disabled.

on the Commissioner, "is evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).[6]  Here, the ALJ cited the VA's disability rating and cited medical records from the VA regarding Plaintiff's IBS.  AR 23, 30-31.  The issue, therefore, is whether the ALJ sufficiently explained why he did not find the VA disability rating persuasive.

The ALJ found the VA disability percentages were entitled to "little weight" because the VA and SSA "are separate programs with separate definitions of disability with separate policies and separate goals."  AR 31.  Thus, contrary to Plaintiff's assertion, the ALJ sufficiently explained the reasons for not finding the disability rating persuasive.  *See Barber v. Colvin*, No. 15-CV-00973-RBJ, 2016 WL 4091170, at *3 (D. Colo. July 27, 2016) ("The ALJ's reasoning that the VA's ratings are inapplicable to RFC findings under the Social Security Administration is sufficient to justify the weight he assigned."); *see also Green v. Berryhill*, No. CIV-16-024-KEW, 2017 WL 1194353, at *2 (E.D. Okla. Mar. 31, 2017) (appeal pending) (finding no error where the ALJ recognized the VA rating, noted the "fundamentally different" processes between the agencies, and stating the VA does not make a function-by-function analysis).[7]

---

[6] Plaintiff contends the VA rating amounts to an opinion by a treating source and contends the ALJ erred by not analyzing the VA rating as such.  Pl.'s Br. 7-9.  The documents in the record regarding the VA rating do not include any opinions from a physician, let alone a treating physician.  Further, Plaintiff did not support this novel position with any case law.  As such, the Court imposes no requirement that the ALJ consider the VA rating as a treating source.

[7] In an unpublished decision, the Tenth Circuit reached a different conclusion than the more-recent district court cases by finding the ALJ did not discuss the significance of the VA's disability evaluation when he stated "[t]he VA disability program differs from the Social Security Administration's standard of review and determination for disability determination purposes."  *Kanelakos v. Astrue*, 249 F. App'x 6, 8 (10th Cir. 2007).  To the extent the holding from this unpublished case is persuasive, as addressed below, Plaintiff nevertheless failed to identify specific evidence that would have changed the ALJ's decision.  As such, he is not entitled to reversal.

Further, Plaintiff fails to identify any specific evidence that would have changed the ALJ's decision. *See Breneiser v. Astrue*, 231 F. App'x 840, 845 (10th Cir. 2007) (unpublished) (rejecting claimant's argument that the ALJ should have given the VA's rating more weight, where claimant did not identify "any specific factual finding or evidence in the [VA's] disability determination that should have changed the [ALJ's] decision") (citation omitted). Plaintiff does not contest that the ALJ fully discussed the medical evidence. Indeed, the ALJ cited medical records regarding Plaintiff's IBS as well as the fact that Plaintiff responded well to prescribed medication. Accordingly, Plaintiff's argument – that the VA determination deserved greater weight than it was ultimately afforded – is little more than a request for this Court to reweigh the evidence, which it cannot do. *See Bowman*, 511 F.3d at 1272.

Although unrelated to the VA rating, Plaintiff also contends in this section that the ALJ erred by not considering Plaintiff's IBS as a severe impairment at Step Two.[8] But a claimant need only establish, and an ALJ need only find, one severe impairment to proceed to step three of the sequential evaluation. *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (*citing Oldham v. Astrue*, 509 F.3d 1254, 1256–57 (10th Cir. 2007) (noting that, for step two, the ALJ explicitly found that the claimant "suffered from severe impairments," which "was all the ALJ was required to do")). Thus, the failure to find a particular impairment to be severe at step two is not reversible

---

[8] Plaintiff also contends the ALJ "rejected the diagnosis of IBS." Pl.'s Br. 7. This is a misstatement of the record. Although the ALJ found that Plaintiff's IBS was not severe, the decision referenced that Plaintiff "has a history of inflammatory bowel disease" and cited medical records of Plaintiff's treatment. AR 23. Plaintiff further contends the ALJ engaged in "cherry-picking" from the medical evidence. However, Plaintiff does not allege the ALJ failed to address any evidence or opinion. He simply repeats his prior argument with regard to the VA rating.

error when the ALJ finds that at least one other impairment is severe, *see id.*, which the ALJ did here. AR 22-23.[9]

The ALJ did not commit reversible error with regard to the treatment of the VA rating.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 27, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 13th day of December, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[9] Plaintiff also asserts "Here, as in *Grogan*, the ALJ's failure to discuss the significance of the VA's disability *evaluation* in concluding that [claimant] had not met the '*de minimus*' showing required of other severe impairments at step two was reversible error." Pl.'s Br. 6-7. In *Grogan*, however, the ALJ did not find any impairment to be severe. *Grogan*, 399 F.3d at 1261 ("The ALJ determined that Grogan was not disabled because, in the window that could be considered, Grogan had only an impairment in his back, and his impairment had not been severe."